In the Matter of ELYSE HOPE DILLER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 23, 2003

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Louis Gerstman*, Garden City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing nine charges of professional misconduct. Although she initially denied the charges, she conceded at the hearing that she was collaterally estopped from relitigating any of the findings contained in two decisions of the United States Bankruptcy Court for the Southern District of New York upon which the charges were based. After those decisions were admitted into evidence by stipulation, the petitioner rested. The respondent testified on her own behalf in mitigation and one respondent's exhibit was introduced into evidence. At the conclusion of the hearing, the respondent identified 15 character witnesses, and the parties stipulated that, if called, they would testify that the respondent enjoys an excellent reputation in the community for truthfulness, honesty, and integrity. The Special Referee sustained all nine charges. The petitioner now moves to confirm the report of the Special Referee. The respondent joins in the petitioner's motion and asks the Court to limit the sanction imposed to a public censure.

Charge One alleged that the respondent, acting alone and/or in concert with her husband, Mark A. Kovler, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by participating in the fraudulent conveyance of property with the intent to hinder, delay, or defraud present or future creditors:

In a decision dated January 14, 2000, in the matters of *In re Kovler* and *Gentry v Kovler* (249 BR 238), the United States Bankruptcy Court for the Southern District of New York (Hardin, J.), concluded that, in 1994, Mark A. Kovler, with the respondent's knowing and active participation, fraudulently conveyed all of his right, title, and interest in their Briarcliff Manor marital residence to the exclusive possession of the respondent with the intent to hinder, delay, or defraud present or future creditors.

Charge Two alleged that based on the factual allegations contained in Charge One, the respondent, acting alone and/or

in concert with Mark A. Kovler, engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by participating in the fraudulent conveyance of property with the intent to hinder, delay, or defraud present or future creditors.

Charge Three alleged that the respondent, acting alone and/or in concert with Mark A. Kovler, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by participating in the creation of false and/or misleading evidence and the presentation of such evidence to a tribunal:

The United States Bankruptcy Court concluded that the respondent and Kovler knowingly offered false evidence to the court while endeavoring to defend themselves against allegations made by their opponents in an adversary proceeding determined by the Bankruptcy Court's January 14, 2000, decision, regarding:

(i) the creation, execution, and filing of the real property transfer deed, a real property transfer tax affidavit, and/or other papers prepared in connection with the aforementioned fraudulent conveyance;

(ii) the creation and execution of a purported marital separation agreement that the respondent and Kovler claimed to have entered into in 1994; and

(iii) the parties' marital separation agreement.

Charge Four alleged that the respondent, acting alone and/or in concert with Mark A. Kovler, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by giving false and/or misleading testimony under oath:

The United States Bankruptcy Court concluded that the respondent gave false, deceptive, and/or misleading testimony about numerous facts and circumstances during depositions taken in a Federal District Court action, as well as during depositions and trial proceedings conducted in the course of the bankruptcy case and adversary proceeding determined by the Bankruptcy Court's January 14, 2000, decision.

Charge Five alleged that based on the factual allegations contained in Charges One, Three, and Four, the respondent,

acting alone and/or in concert with Mark A. Kovler, engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by knowingly offering false or misleading evidence to a tribunal.

Charge Six alleged that based on the factual allegations contained in Charges One, Three, and Four, the respondent, acting alone and/or in concert with Mark A. Kovler, engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by knowingly offering false or misleading evidence to a tribunal.

Charge Seven alleged that based on the factual allegations contained in Charges One, Three, and Four, the respondent, acting alone and/or in concert with Mark A. Kovler, knowingly used perjured testimony or false evidence, in violation of Code of Professional Responsibility DR 7-102 (a) (4) (22 NYCRR 1200.33 [a] [4]).

Charge Eight alleged that based on the factual allegations contained in Charges One, Three, and Four, the respondent, acting alone and/or in concert with Mark A. Kovler, knowingly made a false statement of law or fact, in violation of Code of Professional Responsibility DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5]).

Charge Nine alleged that based on the factual allegations contained in Charges One, Three, and Four, the respondent, acting alone and/or in concert with Mark A. Kovler, participated in the creation or preservation of evidence when she knew or it was obvious that such evidence was false, in violation of Code of Professional Responsibility DR 7-102 (a) (6) (22 NYCRR 1200.33 [a] [6]).

Based on the evidence adduced at the hearing, including the respondent's concession that she was collaterally estopped from contesting the findings of the Bankruptcy Court, all nine charges were properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider the following: Her husband, Mark A. Kovler, was responsible for the financial and legal decisions during the course of their marriage. The respondent, who did not practice law for several years after her admission to the bar and who had very limited legal experience, relied on him to prepare and execute the separation agreement and the deed. She has always been under

the influence of a domineering and difficult husband. In addition, they had financial problems and their children had serious health problems. The respondent also asks the Court to consider that her misconduct was not related to the practice of law, that she has a previously unblemished record, that by resigning her husband took full responsibility for their misconduct, and that she is now the family's primary breadwinner. The respondent asks the Court to limit the sanction imposed to a public censure.

The respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SCHMIDT, JJ., concur.

Ordered that the motions of the Grievance Committee and the respondent to confirm the Special Referee's report are granted; and it is further,

Ordered that the respondent, Elyse Hope Diller, is suspended from the practice of law for a period of three years, commencing July 24, 2003, and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months before the expiration of the three-year period, upon furnishing satisfactory proof that during that period she (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), and (c) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Elyse Hope Diller, shall desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.